IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRANCH BANKING & TRUST CO.,
a North Carolina banking corporation,
as successor in interest to Colonial Bank
by asset acquisition from the FDIC
as receiver for Colonial Bank,

    Plaintiff,

vs.                                             CASE NO. 3:11-cv-110/RS-EMT

T. HENRY DEVELOPMENT CO., L.L.C.,
a Florida limited liability company; and
THOMAS HENRY,

    Defendants.
_____/

## ORDER

Before me is Defendants' Motion to Dismiss (Doc. 13) and Plaintiff's Opposition to Defendants' Motion to Dismiss (Doc. 18).

### I. Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure requires dismissal of claims for "lack of subject-matter jurisdiction." *See* FED. R. CIV. P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) may assert either a factual attack or a facial attack to jurisdiction. *Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252, 1260 (11th Cir. 2009) (citations omitted). A factual attack challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings. Matters outside the pleadings, such as testimony and affidavits, are considered. *Id*. In a facial attack, on the other hand, the

court examines whether the complaint has sufficiently alleged subject-matter jurisdiction and construes the complaint in the light most favorable to Plaintiff and accepts all facts alleged in the complaint as true. *Id*; *Trimble v. United States Soc. Sec.*, 2010 U.S. App. LEXIS 4811, at *8 (11th Cir. 2010).

## II. Discussion

Plaintiff alleges jurisdiction is proper under 28 U.S.C. § 1332. The Complaint (Doc. 1) states that Plaintiff, a banking corporation, is "headquartered in Winston-Salem, North Carolina with offices in the state of Florida." The Complaint also states that Defendant T. Henry Development, LLC is organized under the laws of Florida, and Defendant Thomas Henry is a resident of Florida.

For federal diversity jurisdiction to attach, all parties must be completely diverse. Complete diversity requires that "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis original). The party commencing the suit has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010).

A corporation is "deemed to be a citizen of any State by which is has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The phrase "principal place of business" refers to the place where a "corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). This location has often been called the

corporation's "nerve center." In practice, the "nerve center" is the place where the corporation maintains its headquarters--provided that the headquarters is the actual center of direction, control, and coordination. "A corporation's 'nerve center,' usually its main headquarters, is a single place." *Id. at 1192-93*.

Here, Defendants assert in this factual attack that Plaintiff lacks diversity jurisdiction because it does not pass the "nerve center test" as "Plaintiff's numerous locations in the State of Florida argue against the lack of presence of headquarters in [North Carolina]." (Doc. 13, p. 3-4). Defendants' assertion completely lacks merit.

Plaintiff states that it is a North Carolina chartered bank and has been charted in North Carolina since 1872 (Doc. 18, p. 2). This assertion is supported by the North Carolina Commissioner of Bank's website, of which I take judicial notice. North Carolina Commissioner of Banks, https://www.nccob.org/Online/brts/BanksAnd Trusts.aspx (last visited April 18, 2011). Plaintiff is therefore a citizen of North Carolina because its situs of incorporation in that state. 28 U.S.C. § 1332 (c)(1).

Turning to the principal place of business prong, the Plaintiff asserts that its headquarters are in North Carolina and that this is the location from which its corporate officers coordinate and direct its various branch locations. This North Carolina location houses the CEO and the General Counsel, and is where the Board of Directors holds meetings. Of the 1782 branches in twelve states and the District of Columbia, only a fraction are in Florida (Doc. 18, p. 2). Defendant does not refute these assertions and the FDIC website provides that Plaintiff has "its main office (headquarters)" in North Carolina. FDIC Bank Find, http://www2.fdic.gov/idasp/main_bankfind.asp (last visited

April 18, 2011). The overwhelming weight of evidence, therefore, supports that Plaintiff's principal place of business is in North Carolina. *See also Branch Banking & Trust Co. v. Inn at Dauphin Island, L.L.C.*, 2011 U.S. Dist. LEXIS 40284 (S.D. Ala. 2011); *Branch Banking & Trust Co. v. Gulf Island Dev., L.L.C.*, 2010 U.S. Dist. LEXIS 92963 (S.D. Ala. 2010); *Intec USA, LLC v. Advanced Food Sys., B.V.*, 2009 U.S. Dist. LEXIS 23821 (M.D.N.C. 2009); *Justice v. Branch Banking & Trust Co.*, 2009 U.S. Dist. LEXIS 24668 (S.D. W. Va. 2009); *Cole Shows Amusement Co. v. Branch Banking & Trust Co.*, 2007 U.S. Dist. LEXIS 38729 (W.D. Va. 2007); (all cases finding BB&T has principal place of business in North Carolina). This is a motion that should not have been filed.

Defendant's Motion to Dismiss (Doc. 13) is **DENIED**.

**ORDERED** on April 18, 2011.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**